UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re Inspection of:                            :
                                                :
                                                :   NO. 23-mj-692
H&H Manufacturing Co., Inc.                     :
located at 2 Home Drive, Folcroft, PA 19032     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

## APPLICATION FOR INSPECTION WARRANT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Theresa Downs, Area Director of the Philadelphia Area Office, Occupational Safety and Health Administration (OSHA), United States Department of Labor, hereby applies for a warrant pursuant to Section 8 of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657, to inspect the workplace described in the above caption. As grounds for the issuance of the warrant, after first being sworn, I depose and state:

1. I am the Area Director for OSHA's Philadelphia Area Office. In that capacity, I supervise the inspection activities of OSHA's Compliance Safety and Health Officers assigned to the Philadelphia Area Office. Moreover, I am responsible for making applications for inspection warrants under sections 8(a) and 8(f)(1) of the Act, 29 U.S.C. §§ 657(a) and 657(f)(1).

2. H&H Manufacturing Co., Inc. ("H&H Manufacturing") is a corporation engaged in the business of manufacturing metal parts for electric generation turbines.

3. H&H Manufacturing is an employer within the meaning of section 3(5) of the Act, 29 U.S.C. § 652(5), in that it employs employees within the meaning of section 3(6) of the Act, 29 U.S.C. § 652(6), in a business affecting commerce.

4.      The workplace described in the caption was selected for inspection as a result of an employee complaint. My office was able to confirm that the person who made the complaint is a current employee of H&H Manufacturing.

5.      In the complaint, the employee described hazardous conditions at the workplace. In particular, the employee reported among other things that H&H Manufacturing did not provide hearing protection notwithstanding "very loud" machine operations. The employee also reported the safety glasses were not being worn and that dust was present in the facility. The redacted complaint report, which sets forth the specific concerns of the employee, is attached hereto as Exhibit A.

6.      Based on this complaint, I sent Matthew Ellis, Assistant Area Director of the Philadelphia OSHA Office, and Eric Warner, Compliance Officer, to the workplace on March 10, 2023, to perform an inspection. H&H Manufacturing refused to allow OSHA to conduct a complete inspection of the facility while it was operational and ceased production at the facility to prevent OSHA from evaluating the work process. During this site visit, however, Mr. Ellis did observe one machine that lacked appropriate guarding. *See* Matthew Ellis's Declaration, which is attached as Exhibit B.

7.      The allegations made by the employee, as set forth in Exhibit A, and the observations of Mr. Ellis, as set forth in Exhibit B, are sufficient to establish probable cause that H&H Manufacturing employees are exposed to unsafe conditions that violate the OSH Act and its standards. Specifically, there is probable cause to believe H&H Manufacturing employees may be exposed to violations of OSHA safety and health standards including, but not limited to: 29 C.F.R. § 1910.22 (housekeeping), 29 C.F.R. § 1910.134 (respirator protection), 29 C.F.R. § 1910.157 (fire extinguishers), 29 C.F.R. § 1910.212(a)(1) (machine guarding), 29 C.F.R. §

1910.95 (hearing protection), and 29 C.F.R. § 1910.1000 (air contaminants).

8. The OSHA inspection will be conducted during regular working hours, within reasonable limits, and in a reasonable manner, and the compliance officer's credentials will be presented to H&H Manufacturing.

9. The inspection and investigation will be limited in scope to an evaluation of the hazards set forth in Exhibit A, Exhibit B, and any hazards in plain view.

10. The inspection will also include the taking of photographs and/or videotaping for evidentiary purposes, and the questioning of employers, owners, operators, agents and employees privately during working hours on H&H Manufacturing premises, as authorized by 29 C.F.R. § 1903.7(b). The inspection may also include the affixing of monitoring devices upon employees to determine the extent of their exposure to noise and/or airborne contaminants, as authorized by 29 C.F.R. § 1903.7(b).

11. The inspection and investigation shall also include the opportunity for a representative of the employer and a representative authorized by employees to accompany the compliance officer during the physical inspection of the workplace, or the compliance officer shall consult with employees concerning matters of health and safety in the workplace if there is no authorized representative of employees pursuant to section 8(e) of the Act, 29 U.S.C. § 657(e) and 29 C.F.R. § 1903.8.

12. An inspection warrant authorizing proper exposure monitoring is necessary so that the agency may accurately gauge the employees' exposure to noise and air contaminants. Accordingly, application is hereby made for an administrative inspection warrant that would authorize such inspection.

13. The exposure monitoring, if allowed without interference, should require no more than three on-site inspection days to compete. OSHA has not been able to conduct appropriate exposure monitoring at the site because H&H Manufacturing has refused to allow OSHA inspectors to inspect the worksite while operations are running. Further, the owner of H&H Manufacturing told Mr. Ellis that even if OSHA were to acquire a warrant, operations will not be running while OSHA investigators are present. *See* Exhibit B. OSHA therefore requests a warrant that will authorize OSHA compliance officers to remain at the site as long as necessary- or to return to the site as often as necessary during the 60-day period following the issuance of the warrant, until the compliance officers have been able to complete the appropriate exposure monitoring. The inspection and exposure monitoring will be conducted during the regular business hours and will be commenced as soon as practicable after the issuance of the requested warrant.

14. Additionally, because the owner of H&H Manufacturing told Mr. Ellis that H&H Manufacturing's operations will not be running while OSHA investigators are present, OSHA is requesting a warrant that will prohibit H&H Manufacturing from altering planned production to prevent accurate exposure assessment.

15. The inspection shall commence within seven (7) working days of the issuance of the warrant. The inspection shall proceed for no longer than three (3) consecutive working days, which shall commence to run upon initiation of the inspection, unless the period for inspection is enlarged by further order of the Court. Days on which this facility is not operating will not be counted as "working days."

16. A return will be made to the Court within fourteen (14) calendar days after the completion of the inspection.

17. The Fourth Amendment's Warrant Clause applies to OSHA inspections. *See Marshall v. Barlows, Inc.*, 436 U.S. 307 (1978). Section 8(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. 651 et seq.), and the regulations issued pursuant thereto in 29 C.F.R. §§ 1903.3 and 1903.4 provide the Court with the authority to issue the requested warrant. *Id*. Therefore, OSHA must obtain an administrative warrant to conduct an inspection if the employer denies entry. The relaxed administrative probable cause standard governing the warrant application requires a showing of "specific evidence" that a violation exists. *See Martin v. International Matex Tank Terminals-Bayonne*, 928 F.2d 614, 622 (3d Cir. 1991).

18. Nonconsensual OSHA inspections require a search warrant that is supported by probable cause, however it is a lesser standard in comparison to the probable cause required for a criminal warrant. *Id.* at 621. An OSHA warrant can be issued "not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an…inspection are satisfied with respect to a particular [establishment]." *Id.* (internal citations omitted). Additionally, there is no requirement that the magistrate test the reliability of the employees making the complaints or that they find the complainant credible. *Matter of BP Oil, Inc.* 509 F. Supp. 802, 806-807 (E.D. Pa. 1981). Further, a complainant's name may be withheld to protect from potential "employer harassment." *Id.*at 806.

19. Warrants for OSHA inspections may be based on employee complaints, programmed inspections pursuant to neutral administrative plans, or referrals from non-employees which establish "probable cause to inspect by specific evidence of violations at the facility." *International Matex Tank Terminals-Bayonne* at 928 F.2d at 622. Further, an inspection warrant can be "valid where it was requested to follow up on an earlier inspection which

5

revealed OSHA violations." *Donovan v. Metal Bank of America, Inc.*, 516 F. Supp. 674, 678 (E.D. Pa. 1981).

20. OSHA is allowed to take "environmental samples" and "employ other reasonable investigative techniques" once probable cause has been established. *Ingersoll-Rand Co. v. Donovan*, 540 F. Supp. 222, 225 (M.D. Pa. 1982). Courts have held that personal sampling devices are a reasonable mode of inspection. *Id.* (internal citations omitted).

21. For the foregoing reasons, I am requesting that this Court issue the requested warrant.

                                                      */s/ Theresa Downs*
                                                      Theresa Downs, Area Director
                                                      Philadelphia Area Office
                                                      Occupational Safety and Health
                                                      Administration, Region III
                                                      United States Department of Labor

OF COUNSEL:

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Michael P. Doyle
Regional Counsel for OSHA

Austin Brunson
Trial Attorney

Post Office Address:

U.S. Department of Labor
1835 Market Street Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-4843

Sworn to before me and subscribed in my presence this <u>3rd</u> day of <u>    April    </u> 2023.

<u>    /s/ Scott W. Reid                              </u>
THE HONORABLE SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE
